UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEZA S. TELLAM,

    Plaintiff,

v.                                                                    Case No:   6:19-cv-441-Orl-37TBS

TIFFANY MOORE RUSSELL, FAYE L.
ALLEN and KEVIN WEISS,

    Defendants.

_____

## ORDER

This case comes before the Court without a hearing on Defendant Tiffany Moore

Russell, Clerk of Court's Unopposed Motion to Stay Case Management Conference and

Case Management Report Requirements (Doc. 18). No party opposes the motion (Id., at

4).

Pro se Plaintiff Leza S. Tellam brings this lawsuit against Defendants Tiffany

Moore Russell, Faye L. Allen and Kevin Weiss (Doc. 1). The Court is in doubt concerning

the precise nature of Plaintiff's claims and whether the Court has subject matter

jurisdiction (Doc. 14). Plaintiff has been given through April 19, 2019 to amend her

complaint to address the Court's concerns (Id.). Now, the parties are asking the Court to

stay the first case management meeting and filing of the parties' case management report

until after Plaintiff has amended her complaint; Defendants have had an opportunity to

respond; and the Court rules (apparently Defendants anticipate filing defensive motions),

on Defendants' responses (Doc. 18 at 2).

A stay of these case management requirements until after Plaintiff has amended

her complaint makes sense. With the benefit of the amended complaint the parties should

be better informed when they meet to prepare their case management report. But, a stay until after the Court rules on any motions to dismiss, strike, for more definite statement, etc., is a different kettle of fish. A recent article in Law 360 ranked The Middle District of Florida as the ninth most overworked district court in the United States. Law 360 In-Depth, March 18, 2019. The undersigned has reason to believe Law 360 is wrong and that the Court may in fact be among the five most overworked district courts in the country. Regardless, the point is that it is difficult to predict when the Court will rule on any defensive motions that are filed. So, while the Court has the inherent power to enter a stay when appropriate, that may unduly delay the ultimate resolution of this case.

The party seeking the stay has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending

resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685). Until Plaintiff amends her complaint and the parties respond the Court has no way of taking a "peek" in this case. Accordingly, after due consideration, the motion is **GRANTED in part**. The parties have 21 days from the filing of Plaintiff's amended complaint to hold their case management conference and 7 days after that to file their case management report. In all other respects, the motion is **DENIED**.

DONE and **ORDERED** in Orlando, Florida on April 18, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties