UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEZA S. TELLAM,

     Plaintiff,

v.                                   Case No:   6:19-cv-441-Orl-37TBS

TIFFANY MOORE RUSSELL,
FAYE L. ALLEN and KEVIN WEISS,

     Defendants.

_____

## REPORT AND RECOMMENDATION

       The matter comes before the Court on the undersigned's own motion. On March 7, 2019, *pro se* Plaintiff Leza S. Tellam filed this lawsuit against the Orange County, Florida Clerk of Court, Tiffany Moore Russell and Judges Faye L. Allen and Kevin Weiss (Doc. 1). By prior Order dated March 29, 2019, I determined that Plaintiff's complaint did not meet the FED. R. CIV. P. 8 pleading standard and was otherwise insufficient to invoke the Court's subject matter jurisdiction (Doc. 14). I gave Plaintiff 21 days to amend her complaint "to include facts that show how and why the Court has subject matter jurisdiction over her claims and to better explain her claims against Defendants." (Id., at 2). I also cautioned Plaintiff that if she failed to amend her complaint within 21 days, I would recommend dismissal of this case for lack of subject matter jurisdiction (Id.). The deadline for amendment has expired and Plaintiff has not amended her complaint. Therefore, I **respectfully recommend** that this case be **dismissed without prejudice** for lack of jurisdiction.

## Background

     Plaintiff's complaint is difficult to comprehend. She appears to complain about the

entry of one or more state court judgments against her, at least one of which provides

for the sale of residential real property (Doc. 1, at 5). Apparently, Plaintiff believes

these judgments are "excessive." (Id.). She has not provided any court case numbers

in her complaint. My Chambers searched the Orange County Clerk of Court's website

and found that a person named Leza Tellam has been a party to nine cases between

2009 and 2019, two of which are pending and two of which are on appeal.

Defendants have filed Notices of Pendency of Other Actions (Docs. 12, 19) stating

that this case is related to five state court actions. Plaintiff claims federal question

jurisdiction, referring to the "U.S. Constitution- 1st, 14th, 9th, Fair Debt Collection

Practices Act, and Law of Human Rights, including sustainable development goals."

(Doc. 1 at 3).

## Discussion

Federal courts have "an independent obligation" in every case "to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from

any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v.

Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited

jurisdiction of the federal court over a cause of action must show that the underlying

claim is based upon either diversity jurisdiction (controversies exceeding $75,000

between citizens of different states) or the existence of a federal question (i.e., "a civil

action arising under the Constitution, laws, or treaties of the United States"), in which

a private right of action has been created or is implied by Congressional intent. See

28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

Claims must meet the pleading standards set forth in the Federal Rules of Civil

Procedure. Because Rule 8(a)(2) requires the plaintiff to "show[]" that she is entitled

to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal, Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). But pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff's complaint does not satisfy the FED. R. CIV. P. 8 pleading standard. Although she references federal statutes and constitutional amendments, she does

not plead any facts to show how or why these provisions apply to her case. To the extent Plaintiff seeks review of any court final judgments her complaint likely runs afoul of the Rooker-Feldman doctrine which I explained to Plaintiff in some detail in my prior Order[1] (Doc. 14). As Plaintiff pleads no other cognizable cause of action, I find that she has failed to "allege facts adequate to raise [her] right to relief above a speculative level." See, generally, Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641 (11th Cir. 2018). Absent an articulated claim, I find no basis for the Court to exercise jurisdiction over the complaint.

## Recommendation

As Plaintiff has been given the opportunity to amend but has not done so, I respectfully recommend that her complaint be dismissed without prejudice, for lack of subject matter jurisdiction, without leave to amend in this Court.[2]

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file

---

[1] In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005) the Supreme Court explained that the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. Rooker-Feldman does not divest federal district courts of jurisdiction "[w]hen there is parallel state and federal litigation" and the state court enters judgment first. Id. at 292. Nor, the Supreme Court explained, does it apply simply because a party "attempts to litigate in federal court a matter previously litigated in state court." Id. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. at 293 (internal quotations and citations omitted). But, the Rooker-Feldman doctrine does apply when (1) the plaintiff lost in state court; (2) the plaintiff complains about an injury "caused by the state-court judgment[]"; (3) the state-court case ended before the plaintiff brought the federal case; and (4) the plaintiff "invite[s]" the federal court to "review or reject[]" the state court judgment. 544 U.S. at 284.

[2] Dismissals for lack of subject matter jurisdiction are without prejudice. Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229 (11th Cir. 2008). The dismissal here does not preclude the filing of Plaintiff's claim in a court that has jurisdiction.

written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 22, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Pro se Plaintiff
Counsel of Record