UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEZA S. TELLAM,

    Plaintiff,

v.        Case No. 6:19-cv-441-Orl-37TBS

TIFFANY MOORE RUSSELL; FAYE L. ALLEN; and KEVIN WEISS,

    Defendants.
_____

## **ORDER**

Before the Court are: (1) U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 23 ("**R&R**")); and (2) *pro se* Plaintiff's objection to U.S. Magistrate Judge Thomas B. Smith's April 25, 2019 order (Doc. 26 ("**Objection**")).[1] On review, the Objection is overruled, and the R&R adopted.

### I.    BACKGROUND

Plaintiff, proceeding *pro se*, brought this action alleging violations of the Fair Debt Collection Practices Act and First, Ninth, and Fourteenth Amendments of the U.S. Constitution against Defendants, two Florida judges and a clerk of court. (Doc. 1.) The judicial Defendants moved for a more definite statement (Doc. 11), and the next day Magistrate Judge Smith *sua sponte* ordered Plaintiff to amend her Complaint to show how and why the Court has subject matter jurisdiction and explain her claims against

---

[1] The Court construes Plaintiff's Objection as a Rule 72(a) appeal. *See* Fed. R. Civ. P. 72(a).

-1-

Defendants (Doc. 14, p. 2). Magistrate Judge Smith explained the *Rooker-Feldman* doctrine to Plaintiff so she could "be mindful" of its potential applicability and stated that he would recommend dismissal of her Complaint for lack of subject matter jurisdiction should she fail to timely amend. (Doc. 14, p. 2.)

Plaintiff did not respond to the motion for a more definite statement, but because Magistrate Judge Smith issued his Order directing Plaintiff to amend, he denied the motion as moot. (Doc. 17.) When Plaintiff did not amend her Complaint, Magistrate Judge Smith recommended dismissing her case without prejudice for lack of subject matter jurisdiction without leave to amend in this Court. (Doc. 23 ("**R&R**").) In response, Plaintiff moved to recuse Magistrate Judge Smith and set aside his Order requiring her to amend her pleading, believing: (1) a conflict existed based on Magistrate Judge Smith's state court service; and (2) his Order requiring her to amend, *sua sponte*, based on the pleading standard was unfounded and something to be raised by Defendants. (Doc. 24 ("**Motion**").) Judge Smith denied the Motion on both grounds, finding no basis to recuse himself and that Plaintiff's request to set aside his order was untimely and had been superseded by the R&R. (Doc. 25 ("**April 25 Order**").) He noted Plaintiff could still object to his R&R. (*Id.* at 4.)

Now, Plaintiff filed an objection to the April 25 Order, asserting: (1) Magistrate Judge Smith should still be recused ("**Recusal Objection**"); and (2) her Complaint clearly alleges federal question jurisdiction and she shouldn't be pressed to fine tune her Complaint at this early stage ("**Amendment Objection**"). (Doc. 26.) As the Objection pertains to both the recusal issue and whether Plaintiff's Complaint requires amending,

the Court construes it as directed to both the April 25 Order and R&R. Both are ripe.

## II. RECUSAL

First, the Court address's Plaintiff's appeal of the April 25 Order on the basis that that Magistrate Judge Smith "meets the mandatory test" for recusal because he was previously an employee of the Ninth Judicial Circuit. (Doc. 26.)

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(a). A non-dispositive matter is one that does not dispose of any party's claim or defense. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir.2007). If a proper objection is made, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011) (noting that under Rule 72(a), "in order to prevail, [the party who makes the objection] must establish that the order is clearly erroneous or contrary to law."); *Ray v. Cutter Labs., Div. of Miles, Inc.*, 746 F. Supp. 86, 87 (M.D. Fla. 1990) ("[I]t is proper to apply the clearly erroneous standard when reviewing a magistrate's order."). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

Here, Plaintiff appeals Magistrate Judge Smith's April 25 Order denying her motion to recuse him. A judge, including a magistrate judge, "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) creates two primary reasons for recusal: (1) "when there is an appearance of impropriety;" and (2) "when any of the specific circumstances set forth in [§ 455(b)] exist, which show the fact of partiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(b)). In reviewing a motion for recusal, a court should consider "whether an objective, disinterested, lay observer fully informed of the facts underlying the ground on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). Adverse rulings are rarely grounds for recusal. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)).

Plaintiff seeks recusal of Judge Smith because of his prior employment on Florida's Ninth Judicial Circuit. (Doc. 24; Doc. 26.) The Court finds Magistrate Judge Smith's former service does not disqualify him to preside over this case. *See, e.g.*, *Santiago Manuel A. v. Jamison*, No. 2:13-cv-781-FtM-29CM, 2015 WL 5091990, at * 3–4 (M.D. Fla. Aug. 28, 2015) ("Regardless of [the judge's] prior employment, there is no evidence that the rulings on discovery and extensions of time stem from bias."). So Magistrate Judge Smith's prior employment does not give rise to an "appearance of impropriety" and none of the § 455(b) circumstances apply. *See* 28 U.S.C. §§ 455(a)–(b). Thus, no basis for Magistrate Judge Smith's recusal exists and the Recusal Objection is overruled.

### III. AMENDING THE COMPLAINT

Next, the Court considers Magistrate Judge Smith's denial of Plaintiff's motion to set aside his order requiring her to amend the Complaint (Doc. 25, pp. 3–4) and the R&R recommending dismissal of Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction without leave to amend (Doc. 23).

In the R&R, Magistrate Judge Smith found the Complaint failed to satisfy the Rule 8 pleading standard and to the extent Plaintiff seeks review of state court final judgments the Court does not have jurisdiction pursuant to the *Rooker-Feldman* doctrine. (*Id.* at 2–4.) Accordingly, because Plaintiff did not file an amended Complaint when given the opportunity to do so, Magistrate Judge Smith recommends denying the Complaint without prejudice for lack of subject matter jurisdiction without leave to amend. (*Id.* at 4.) Plaintiff filed a motion to set aside Magistrate Judge Smith's order requiring Plaintiff file an amended complaint (Doc. 24), which Magistrate Judge Smith denied, finding the order requiring an amended complaint was superseded by the R&R (Doc. 25, pp. 3–4). Plaintiff then filed the Objection, in part challenging the need to file an amended complaint. (Doc. 26.) Thus, as Plaintiff's Motion, the Amendment Objection, and the R&R are all intertwined, the Court construes the Amendment Objection as an objection to the R&R.

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* If the matter is nondispositive, the district court "must consider timely objections and modify

or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see, e.g.*, *In re Application of Hornbeam Corp.*, No. 14-24887-MC-SEITZ/TURNOFF, 2016 WL 3866561, at *1 (S.D. Fla. July 13, 2016) ("Rule 72(a) instructs the district court to review nondispositive matters for clear error or contrariness to the law.") A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *R .J. Reynolds Tobacco Co.*, 92 F. Supp. 2d at 74.

On *de novo* review, the Court finds the Amendment Objection is due to be overruled and the R&R adopted. Federal courts have the "power to decide only certain types of cases"—including those brought under the "Constitution, laws, or treaties of the United States." *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000); 28 U.S.C. § 1331. Federal courts also have the obligation, in every case, to "zealously insure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Rule 8(a)(2) requires a claim for relief be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right of relief above the speculative level." *Id*. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although *pro se* pleadings are liberally construed, they are required to comply with the Federal Rules of Civil Procedure. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Plaintiff's Complaint purports to assert federal question jurisdiction. (*See* Doc. 1.) But, like Magistrate Judge Smith, the Court finds the Complaint failed to satisfy the Rule 8 pleading standard. (*See* Doc. 23, pp. 3–4.) Plaintiff fails to allege any facts to show how or why the referenced federal statutes and amendments to the Constitution apply to her case. Further, as Magistrate Judge Smith explained at length, to the extent Plaintiff seeks review of any final state court judgements, this Court would not have jurisdiction pursuant to the *Rooker-Feldman* doctrine. (*See* Doc. 14; *see also* Doc. 23, pp. 3–4.) So the Court finds Plaintiff failed to state a cause of action. The Amendment Objection is overruled, the R&R adopted, and the Complaint dismissed without prejudice for lack of subject matter jurisdiction.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Leza S. Tellam's Objection to Order Dated April 25, 2019 (Doc. 26) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 23) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff Liza S. Tellam's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 17th, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro se* Party